UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CALVIN ANDERSON, MURILO SILVA, and RALSTON JOHNSON, individually and on behalf of a class of similarly situated individual,
Plaintiffs,

v.

HOMEDELIVERYAMERICA.COM, INC., dba Home Delivery America, and SEARS LOGISTICS SERVICES, INC.,
Defendants.

**CLASS ACTION COMPLAINT, COMPENSATORY**
**AND INJUNCTIVE RELIEF REQUESTED AND JURY DEMAND**

## I. INTRODUCTION

Named and class plaintiffs in this case work as delivery drivers for Defendants Sears Logistics Services, Inc. and HomeDeliveryAmerica.com, Inc., dba Home Delivery America. This work consists of delivering furniture, appliances and other goods to Sears' customers in the state of Massachusetts and nearby states, and installing and assembling such products upon delivery. Although the Plaintiffs and other similarly situated individuals work full-time delivering such Sears' products to customers and are clearly employees under M.G.L. c. 149, §148B, the Defendants have classified these workers as independent contractors, rather than as employees. As a result of this misclassification, Plaintiffs and other similarly situated individuals have been denied various rights and benefits, and have been forced to incur costs and expenses not normally borne by an employee.

## II. JURISDICTION

The jurisdiction of this Court is invoked pursuant to Federal diversity jurisdiction under 28 U.S.C. § 1332, as Defendants are residents of the States of Illinois and New Jersey, respectively and the named Plaintiffs are all residents of Massachusetts.

## III. PARTIES

1. The Plaintiff, Calvin Anderson, is an adult resident of Attleboro, Massachusetts. From July 1, 2009, to the present, and continuing, Mr. Anderson has worked full-time as a furniture delivery driver for the Defendants within the state of Massachusetts.

2. The Plaintiff, Murilo Silva, is an adult resident of Marlborough, Massachusetts. From October of 2009 to January of 2011 he was employed as a delivery driver for the Defendants working within the state of Massachusetts.

3. The Plaintiff, Ralston Johnson, is an adult resident of Dorchester, Massachusetts. From 2005 to October of 2010, he worked as delivery helper for the Defendants, delivering Sears furniture and appliances to customers throughout Massachusetts.

4. The Defendant HomeDeliveryAmerica.com, Inc., provides furniture and appliance delivery service for large, retail stores throughout the United States, including Sears.

5. The Defendant Sears Logistics Services, Inc., is, on information and belief, a company affiliated with Sears Roebuck & Company which handles customer delivery for Sears Roebuck. In order to carry out this function, Sears Logistics Services, Inc., has contracted with Home Delivery America to provide such customer delivery of furniture and appliances throughout the state of Massachusetts and neighboring states.

6. The Plaintiffs bring these claims individually and on behalf of a class of similarly situated individuals. The class of individuals similarly situated includes all delivery drivers and

helpers who work for Home Delivery America and Sears Logistics Services, Inc., delivering furniture, appliances, and other goods to customers of Sears Roebuck & Company within the state of Massachusetts.

## IV. STATEMENT OF FACTS

7. Within the state of Massachusetts and other New England states, the Defendant Home Delivery America ("HDA") provides home delivery and installation services for all Sears stores. When a customer goes to a Sears store and purchases furniture, large appliances, or home fitness equipment, etc., and such customer requests home delivery, the delivery is provided through an arrangement between the Defendant Sears Logistics Services, Inc. ("Sears Logistics") and HDA.

8. In order to carry out this delivery service, Sears Logistics maintains certain warehouses throughout Massachusetts, including a large warehouse in Westwood, Massachusetts, where appliances, furniture, and equipment are kept. HDA maintains an office and supervisory personnel at these Sears Logistics warehouses for the purposes of effectuating this home delivery.

9. HDA purports to hire "independent contractors" not employees, to provide this home delivery and installation service for Sears.

10. HDA requires such independent contractors to purchase or lease a truck with the Sears logo painted on it, to wear uniforms bearing the Sears logo, and to utilize a so-called "helper" in order to assist with the delivery and installation of Sears products.

11. These drivers and "helpers" work full-time for the Defendants, often working 6 days per week and 12 hours per day, delivering furniture, fitness equipment, appliances, and installing or assembling same at the homes of Sears' customers.

12. The Plaintiffs do not have an independently established trade or business other than the work that they have performed for the Defendants. Further, during the time they have worked for the Defendants, they have not performed delivery services for anyone else, nor could they given that they work full time and drive a truck carrying the Sears logo.

13. Both the Defendants HDA and Sears Logistics are in the business of assuring the home delivery of furniture, large appliances, and products to customers' homes upon purchase.

14. Both Defendants retain the right to, and in fact do, control the means by which the Plaintiffs accomplish their delivery to customers, including the fact that all drivers are subject to a rating system which the Defendants utilize to determine whether to continue the driver's services or not. Both HDA and Sears Logistics retain the right to control the Plaintiffs and other workers, by, among other things: (a) requiring them to report every morning to a Sears Logistics warehouse to pick up the products they will be delivering that day; (b) providing Plaintiffs with a daily manifest specifying what products need to be delivered, where they need to be delivered, and the time frames within which such deliveries must be performed; (c) requiring that the Plaintiffs maintain regular contact with Sears throughout the day for additional delivery instructions; (d) requiring certain deductions from the pay checks from the Plaintiffs for such things as insurance, etc.; (e) requiring that if a customer has a complaint regarding a delivery or damage, only Sears is permitted to investigate the customer complaint; (f) taking deductions from the pay of drivers (regardless of fault) when HDA or Sears determines that a delivery or installation has been performed incorrectly, and (g) requiring that all trucks contain the Sears logo and all the Plaintiffs wear Sears uniforms.

15. Both Defendants retain the right to terminate the Plaintiffs and other similarly situated individuals if either Defendant determines that the drivers are not performing their work up to the Defendants standards.

16. The Plaintiffs have no ability to negotiate regarding the amount of pay that they receive for each delivery, nor do they have the right to charge any extra for more complicated deliveries, multiple deliveries to the same location, or for complications resulting from assembly or installation. Indeed, the Plaintiffs have no say in the amounts charged to customers for the services they perform.

17. The Plaintiffs are responsible for all of their expenses associated with making these deliveries including maintenance of vehicles, gas, cell phones, insurances, and truck expenses.

18. The Plaintiffs frequently work 60 hour weeks or more, however, on many occasions, after deductions are taken from their pay and expenses are paid, the payment Plaintiffs receive for the week is less than the Massachusetts minimum wage.

19. In addition, the Defendants impose deductions on the Plaintiffs' paychecks, for a variety of matters, including alleged damage or losses, in violation of the Massachusetts Wage Law, M.G.L. c. 149 §148.

20. Plaintiffs Calvin Anderson and Murilo Silva have worked as delivery drivers for the Defendants as set forth above.

21. Plaintiff Ralston Johnson has worked for several years as a helper for individuals who drive and deliver Sears products within Massachusetts. Plaintiff Johnson, while working as a helper, drove a truck and performed delivery services on behalf of Defendants, though he did not have a contract with Defendants. Defendants require that the drivers it contracts with find

and pay helpers to both drive delivery trucks and help with the loading, unloading, and installation of goods. Defendants also retain the right to approve of and/or terminate such helpers when they do not approve of their work. Defendants require that wages be paid to such helpers by the drivers who have signed contracts with Defendants. The helpers wear Sears uniforms and perform the same installation and delivery services as the drivers who sign contracts with Defendants.

## V. CLASS ALLEGATIONS

22. The named Plaintiffs bring this action on behalf of a class of individuals similarly situated. Specifically, they seek to represent a class of individuals comprising all individuals who perform delivery for HDA and Sears Logistics Services, Inc. within the Commonwealth of Massachusetts, including delivery drivers and helpers.

23. The class is so numerous the joinder of all individuals would be impractical, and proceeding as a class action is a superior method to prosecute this action.

24. There are questions of both fact and law common to the class that make class certification appropriate, including, particularly, the question of whether the Plaintiffs have been misclassified under the Massachusetts Independent Contractor Statute, M.G.L. c. 149 §148B.

25. The claims of the named Plaintiffs are typical of the claims of the class members, and the named Plaintiffs and their legal counsel will adequately represent the interests of the class.

26. All of the named Plaintiffs have each filed a complaint with the Massachusetts' Attorney General's Office and received a right to sue letter.

27. On or about December 31, 2010, Plaintiff Murilo Silva sent a letter to Defendant, HDA, asserting certain claims, including but not limited to the claim that he had been misclassified as an independent contractor when he was really an employee.

28. In a letter dated January 5, 2011, a vice president of HDA wrote a letter to Plaintiff Silva informing him that based upon his letter, and his desire to be reclassified as an employee, he was being terminated.

29. Following his termination, Defendant HDA refused to pay Mr. Silva the wages owed to him for his final weeks of work. Agents of HDA then requested that Mr. Silva sign a release of any claims against HDA and communicated that he would not be paid the wages owed if he did not sign the release.

30. On or about January 19, 2011, counsel for Plaintiffs sent a letter to Plaintiff Anderson's supervisor at Home Delivery America, stating that Mr. Anderson was filing a complaint regarding his misclassification with the Massachusetts Attorney General's Office.

31. On or about January 20, 2011, Mr. Anderson's supervisor, Abe (last name unknown), inquired of Mr. Anderson as to why he was pursuing legal action. He stated that he knew that Mr. Silva and Mr. Anderson were using the same attorney and asked him what other employees were involved with any possible lawsuit.

32. Following this interaction on January 20, 2011, Mr. Anderson noticed an immediate and severe reduction in the amount of work he was receiving from HAD. Indeed, on four separate days he was called in for work and then sent home after being told there was no work to give him. On another day, he was not paid for work he performed.

33. Within a week of January 20, 2011, Mr. Anderson was approached by another HDA manager, Billy Anderson, who showed him blurry pictures of a man carrying appliances

and accused Mr. Anderson of operating his truck against company policy. Billy Anderson told Mr. Anderson to "watch his back" because Billy Anderson was following his truck.

34. As a result of the severe reduction in work he was receiving and the intimidating interactions with managers, Mr. Anderson felt unable to continue working for HDA and was thus forced to resign his position. Since this resignation, HDA has refused to provide Mr. Anderson with his final paycheck and has not returned a $2,000 security deposit.

**COUNT I**

**(Violation of Massachusetts Independent Contractor Law)**

35. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

36. By misclassifying the named and class Plaintiffs as set forth herein, Defendants, as joint employers, have violated M.G.L. c. 149 §148B. This claim is brought pursuant to M.G.L. c. 149 §150.

**COUNT II**

**(Violation of Massachusetts Wage Law)**

37. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

38. The Defendants, as joint employers, violated M.G.L. c. 149 §§ 148, 148B, and 150, by (1) failing to pay the named and class Plaintiffs all of the wages which they earned, including but not limited to time spent on work other than deliveries, time spent performing deliveries where payment was not made, and for other work time and meetings for which Plaintiffs were not paid; (2) requiring that the named and class Plaintiffs be subject to deductions from their paychecks for any alleged damage, problem with any delivery or installation, and

other deductions, such as insurances, from their paychecks; and (3) requiring Plaintiffs to bear the expenses of employment for maintenance of their vehicles, fuel expense, purchasing of uniforms, etc.

**COUNT III**

**(Minimum Wage Violation)**

34. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

35. The Defendants violated M.G.L. c.149 §148, §150, and c. 151 §1 by not paying the named and class Plaintiffs the applicable minimum wage for all hours worked.

**COUNT IV**

**(Unjust Enrichment)**

36. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

37. As a result of the Defendants conduct in knowingly misclassifying the named and class Plaintiffs as independent contractors and accepting the work services performed by them, the Defendants have forced them to bear the costs and obligations that would normally be borne by an employer, thereby unjustly enriching themselves to the detriments of the named and class Plaintiffs in violation of the common law of Massachusetts. Such unjust enrichment includes the Defendants' requiring Plaintiffs to bear the costs of payroll taxes, workers' compensation, social security withholdings, etc.

**COUNT V**

**(Quantum Meruit)**

38. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

39. The Plaintiffs and the class members have been deprived by the Defendants of the fair value of their services, as described above, and are therefore, entitled to recover in *Quantum Meruit*, the value of their services pursuant to the common law of Massachusetts.

**COUNT VI**

**(Retaliation Against Silva)**

40. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

41. The Defendants unlawfully retaliated against Plaintiff Silva in violation of G.L. c.149 §148A by failing to pay him for his final weeks worked, refusing to return his security deposit, and terminating him in response to his assertion of his rights under the Massachusetts wage laws.

**COUNT VII**

**(Retaliation Against Anderson)**

42. Plaintiffs hereby incorporate paragraphs 1-34 above as if fully set forth herein, and for a cause of action by Plaintiffs allege as follows:

43. The Defendants unlawfully retaliated against Plaintiff Anderson in violation of G.L. c.149 §148A by harassing him, failing to pay him for his final weeks worked, refusing to return his security deposit, and constructively discharging him in response to his assertion of his rights under the Massachusetts wage laws.

**JURY DEMAND**

**THE PLAINTIFFS REQUEST A TRIAL BY JURY ON ALL CLAIMS.**

WHEREFORE, Plaintiffs request this honorable Court to:

i. Certify this action to proceed as a class action;

ii. Issue declaratory, injunctive, and compensatory relief as well as damages and statutory damages holding that the Plaintiffs have been misclassified as independent contractors when they are really employees, and requiring the Defendants to classify the Plaintiffs as employees and to pay them all statutory damages, treble damages, and attorneys' fees as provided by law.

Respectfully Submitted,
CALVIN ANDERSON, et al., Plaintiffs
By their attorneys,

*/s/ Harold L. Lichten*

Dated: February 24, 2011

Harold L. Lichten BBO# 549689
Shannon Liss-Riordan BBO# 640716
Ian Russell BBO#673387
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994 5800
hlichten@llrlaw.com
sliss@llrlaw.com
irussell@llrlaw.com

**CERTIFICATE OF SERVICE**

I, Harold L. Lichten, hereby certify that on February 24, 2011, the foregoing document was filed electronically through the ECF System, is available for viewing and downloading from the ECF System, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing.

/s/ *Harold L. Lichten* ___________
Harold L. Lichten