UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10313-GAO

CALVIN ANDERSON, MURILO SILVA, RALSTON JOHNSON, and JOHNNIE FUNCHES,
individually and on behalf of a class of similarly situated individuals,
Plaintiffs,

v.

HOMEDELIVERYAMERICA.COM, INC., d/b/a Home Delivery America,
and SLS LOGISTICS SERVICES, INC.,
Defendants.

OPINION AND ORDER
December 30, 2013

O'TOOLE, D.J.

The plaintiffs are delivery drivers for Home Delivery America ("HDA"). The complaint alleges that HDA, as well as Sears Logistics Services ("SLS"), which is alleged to be a joint employer with HDA, have misclassified the plaintiffs as independent contractors contrary to the requirements of Mass. Gen. Laws ch. 149, §148B, and as a result have violated the Massachusetts Wage Law, Mass. Gen. Laws ch. 149, § 148. The plaintiffs move for partial summary judgment solely against HDA, seeking a determination that they are employees of HDA and that HDA is consequently liable for violating Section 148.

**I.   Background**

The undisputed facts relevant to this motion are as follows:

The plaintiffs perform work for HDA by delivering and installing products that customers have bought through Sears and K-Mart stores. SLS provides logistical services in managing home delivery of retail merchandise, but it has outsourced its delivery service in the Massachusetts area to HDA. HDA works out of SLS's warehouse in Westwood. Plaintiffs

Anderson, Silva, and Funches all contracted with HDA to perform delivery services. Each contracted with HDA not directly in his individual capacity but rather through a business form such as a limited liability company or corporation. The drivers drove trucks bearing a Sears logo, wore uniforms with both Sears and HDA logos, and performed deliveries in accordance with daily manifests provided by SLS and HDA. Drivers, such as plaintiffs Anderson, Silva, and Funches, each drove his own truck and also employed and paid a "helper" to assist in the deliveries. As a helper, plaintiff Johnson did not have a contract with HDA, and he was paid by the driver whom he helped. When under contract, each driver worked full time and exclusively delivering for HDA.

## II.  Discussion

Under Massachusetts law, an "individual" performing services for another is considered to be an employee of the other unless:

> (1) the individual is free from control and direction in connection with the performance of the service, both under his contract for the performance of service and in fact; and
> (2) the service is performed outside the usual course of the business of the employer; and
> (3) the individual is customarily engaged in an independently established trade, occupation, profession or business of the same nature as that involved in the service performed.

Mass. Gen. Laws ch. 149, § 148B. All three conditions must be established for HDA to prevail in its assertion that the drivers were not employees but independent contractors, and the burden is on HDA to establish each condition. De Giovanni v. Jani-King Int'l, Inc., 262 F.R.D. 71, 84 (D. Mass 2009). In other words, there is a presumption that the drivers are employees, and it falls to HDA to prove otherwise. See Somers v. Converged Access, Inc., 911 N.E.2d 739, 747 (Mass. 2009).

HDA does not contest the relevant facts. It instead makes two legal arguments. First, it says that the plaintiffs fall outside the protection of Section 148B because they contracted with HDA through legal entities, and not personally, so that they are not "individuals" within the meaning of the statute. Second, HDA argues that Section 148B is preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c)(1) ("FAAAA").

HDA's first argument depends on the appropriateness of choosing to honor form over substance, so that when Joe Driver drives his truck without incorporating he is an employee, but if he drives his truck under the aegis of Joe Driver, Inc., then he is an independent contractor. But that formalistic distinction is precisely what Section 148B is intended to preclude. As the Massachusetts Attorney General has noted, a principal objective of the law is to prevent potential employers, who would be otherwise subject to the wage statute, Section 148, from avoiding compliance by requiring the persons they contract with to do so under legal forms "such as LLCs and S corporations." An Advisory from the Attorney General's Fair Labor Division on M.G.L. 149 § 148B ("AG Advisory"). I agree with those courts that have concluded that a worker can qualify as an employee under § 148B "even if he has incorporated his business, and the employer's formal relationship is with the entity and not the individual." Martins v. 3PD, Inc., 2013 WL 1320454, at *16-17 (D. Mass. Mar. 28, 2013). See also, De Giovanni, 262 F.R.D. at 86.

The inquiry is whether *in substance* the worker is an employee or a person (or entity) acting genuinely as an independent contractor. There is no convenient bright line to be used, and each case must be determined on its own facts. Recently, in another case I decided that a plaintiff was *not* an "individual" within the meaning of Section 148B. Debnam v. FedEx Home Delivery, 2013 WL 5434142 (Sept. 27, 2013). In that case, the plaintiff claiming to be an employee under

Section 148B managed multiple delivery routes out of two locations. He owned multiple vehicles and had hired over sixty employees during the course of his contract with FedEx. Id. I concluded that under those circumstances he was engaged in a "legitimate . . . business-to-business relationship" (AG Advisory) with FedEx and was therefore not an "individual" employee within the meaning of the statute. Id.

In contrast, the facts of this case show that the plaintiffs do qualify as employees under Section 148B. They worked as individual truck drivers performing full-time personal services exclusively for HDA. They did not manage any delivery operations beyond their personal (individual) work for HDA. HDA also dictated that the drivers were required to hire a helper, who had to wear the Sears and HDA uniform, and undergo drug and background testing performed by HDA.

Johnson, who was a helper, also qualifies as an employee under Section 148B even though he did not directly contract with HDA. The Supreme Judicial Court has held that "the lack of a contract for service between the putative employer and putative employee does not itself preclude liability under G.L. c. 149, § 148B." Depianti v. Jan-Pro Franchising Int'l, Inc., 990 N.E.2d 1054, 1069 (Mass. 2013). In Depianti, the question arose in the context of a two-tier franchising arrangement. Jan-Pro, the franchisor, contracted with a "master franchisee," which then contracted with a "unit franchisee," the plaintiff. Noting that remedial statutes such as Section 148B are "entitled to liberal construction," id. at 1066, the court held that the unit franchisee was not excluded from being considered an employee simply because of the lack of a direct contractual relationship with the franchisor. A helper stands in essentially the same relationship to HDA as the unit franchisee did to the franchisor. HDA makes no further argument with regard to helpers beyond the simple lack of a direct contractual relationship.

HDA also argues, quite briefly, that Section 148B is preempted by the FAAAA because a ruling in the plaintiffs' favor would interfere with its contracting with third party businesses to perform delivery services for it, arguably impinging improperly on federally regulated activity. This is the same categorical error. It is not a proper interpretation of the statute to think that because an individual who incorporates may still be considered an employee, then any incorporated entity must be considered an employee. Section 148 does not interfere with legitimate business-to-business independent contractor relationships but rather seeks to prevent companies from avoiding the Massachusetts wage law with respect to workers who are *in substance* employees. See Martins, 2013 WL 1320454, at *10-13 (finding that Section 148B is not preempted by the FAAAA); Massachusetts Delivery Ass'n v. Coakley, 2013 WL 5441726, at *4-10 (D. Mass. Sept. 26, 2013) (same).

The final issue is whether HDA violated the Massachusetts Wage Law by taking unlawful deductions from the drivers' pay. Mass. Gen. Laws ch. 149, § 148. HDA does not contest the allegation that deductions were taken from the plaintiffs. HDA's argument is simply that the plaintiffs were not employees and therefore the wage statute does not apply. For the reasons discussed above, it does apply and it follows that HDA's deductions from the plaintiffs' pay violated Section 148.

### III.  Conclusion

For the foregoing reasons, the plaintiffs' Motion for Partial Summary Judgment as to liability against HDA (dkt. no. 65) is GRANTED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge