# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CALVIN ANDERSON, MURILO SILVA, RALSTON JOHNSON, and JOHNIE FUNCHES, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | Case No.: 1:11-cv-10313-GAO |
| HOMEDELIVERYAMERICA.COM, INC., d/b/a Home Delivery America, and SEARS LOGISTICS SERVICES, INC., | ) ) ) ) |  |
| Defendants | ) ) |  |

## SETTLEMENT AGREEMANT
## AND RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims ("Settlement") is entered into between plaintiffs, CALVIN ANDERSON, MURILO SILVA, RALSTON JOHNSON, and JOHNIE FUNCHES, (the "Class Representatives"), individually and on behalf of the Settlement Class described herein, and defendant, HOMEDELIVERYAMERICA.COM ("Defendant"). Class Representatives and Defendant are collectively referred to as the "Parties."

## I.   DEFINITIONS

1.       "Class" means all persons who provided delivery services as drivers (which includes both individuals who executed service contracts, either in their individual capacities or through personal corporate entities, and secondary drivers (individuals who worked under the contracts of other individuals) for Home Delivery America and Sears Logistics Services in Massachusetts from February 24, 2008 through the Effective Date.

2.       "Class Claimants" shall mean Class Members who file a timely Claim Form.

3.       "Class Counsel" shall mean Lichten & Liss-Riordan, P.C.

4.      "Class Members" means Plaintiff and each and every member of the Class.

5.      "Class Releasors" means Plaintiff and all other Class Members and their respective heirs, administrators, executors, successors and assigns of each.

6.      "Contractors" means individuals who executed service contracts, either in their individual capacities or through personal corporate entities, and who provided delivery services for HDA and SLS in Massachusetts during the Class Period.

7.      "Deductions" means those amounts deducted by Defendant from Class Members' settlement checks, as evidenced by the itemized amounts on the settlement checks, including, but not limited to, amounts deducted for truck wash fees, damage to furniture or other property, or other deductions known as "chargebacks;"

8.      "Effective Date" means the first business day following the date the Court's final approval of the Class Settlement is finally affirmed on appeal and/or is no longer subject to appeal or review by certiorari or otherwise, and the time for any petition for reargument, appeal, or review, by certiorari or otherwise, has expired (i.e., thirty days from final approval).

9.      "Final Judgment" means a final order which the Parties agree to seek, following the execution of this Agreement approving the Settlement Agreement together with entry of the final judgment resulting in the dismissal with prejudice of the Complaint.

10.      "HDA" means Homedeliveryamerica.com/

11.      "Opt-Outs" shall mean any and all persons who timely and validly request exclusion from the Settlement Class in accordance with the terms of the Class Notice or as otherwise approved by the Court.

12.     "Opt-Out Request" shall mean a timely and valid request for exclusion from the Settlement Class in accordance with the terms of the Class Notice or as otherwise approved by the Court.

13.     "Released Claims" means all actions, claims, demands or causes of action, whether known or unknown, and whether class, individual or otherwise in nature, by which the Class Members have asserted, could have asserted or in the future, can or might assert in any court or proceeding and which have arisen now or hereafter arise out of, or are based upon or related in any manner whether directly, representatively, derivatively, or in any other capacity, to: (1) the facts, events, allegations, and contentions alleged in the Complaint; (2) Defendant's alleged misclassification of Plaintiffs as independent contractors; (3) Defendant allegedly making improper deductions from Plaintiffs' wages; (4) Defendant's alleged retaliation against Plaintiffs; and/or (5) any other wage-related claims under state and/or federal law, arising at any time from the beginning of time through the date of the Court's final approval of the proposed Class Settlement, inclusive.

14.     "Releasees" means Defendant and its past, present and future shareholders, parent companies, subsidiaries, affiliates, divisions, agents, employees, owners, members, officers, directors, partners, investors, attorneys, legal representatives, accountants, trustees, executors, administrators, real or alleged alter egos, predecessors, successors, transferees, assigns and insurer.

15.     "Secondary Drivers" means individuals who drove under the contracts of other individuals for HDA and SLS in Massachusetts during the Class Period.

16.     "Settlement Fund" means the gross amount of Five Hundred and Seventy-Five Thousand and 00/100 ($575,000.00) Dollars, which will be paid as described below, and which

represents full compensation for all claims based upon or relating in any manner to the facts, events, allegations and contentions alleged in the Complaint.

17.     "SLS" means Sears Logistics Services, Inc.

## II.   FACTUAL BACKGROUND

1.     **Procedural History**: Plaintiffs initiated this lawsuit on February 2, 2011 as a putative class action pursuant to Fed. R. Civ. P. 23.  The lawsuit alleges Defendants Home Delivery America and Sears Logistics Services misclassified their delivery drivers as independent contractors rather than employees in violation of Massachusetts General Laws c. 149, §148B, violated Massachusetts General Laws c. 149, §§148, and whose conduct gave rise to related common law for unjust enrichment and quantum meruit, as to the Class Representatives and those similarly situated.

Following discovery, on April 17, 2012, Plaintiffs filed a motion for class certification. Defendants opposed and the Court held a hearing on the motion on April 15, 2013.  The Court took the matter under advisemnet but has not issued a decision.

On May 22, 2012, SLS filed a motion to for summary judgment arguing that it was not a joint employer of Plaintiffs and was, therefore, not a proper party to the lawsuit.  Plaintiffs opposed and on March 21, 2013, the Court denied SLS's motion for summary judgment.

On April 8, 2013, Plaintiffs filed a motion for partial summary judgment against HDA seeking a ruling that HDA employed Plaintiffs under G.L. c. 149, § 148B, and that deductions taken from Plaintiffs' pay violated G.L. c. 149, § 148.  Defendant HDA opposed and on December 30, 2013, the Court granted Plaintiffs' motion, finding that HDA employed Plaintiffs pursuant to G.L. c. 149, § 148B, and violated G.L. c. 149, § 148 by making unauthorized deductions from Plaintiffs' pay.

4

On August 9, 2013, Plaintiffs filed an assented-to motion for preliminary approval of a settlement with SLS.  On August 14, 2013, the Court deferred ruling on the motion for preliminary approval pending the outcome of a mediation scheduled between Plaintiffs and HDA for later that month.

On September 19, 2013, SLS filed a motion for summary judgment seeking indemnification from HDA for any losses associated with this lawsuit.  On September 23, 2013, the Court held a hearing on the motion for preliminary settlement approval and stayed ruling on it until HDA filed its opposition to SLS's motion for summary judgment.

In October 2012, Plaintiffs, HDA, and SLS attended a full-day mediation with mediator Sarah Worley, Esq.   In May 2014, Plaintiffs, HDA, and SLS mediated with well known mediator Mark Irvings, Esq. which  over the course of several days which ultimately resulted in the settlement agreement being reached.

  2.  **Discovery, Investigation, and Research**:  Class Counsel conducted an investigation into the facts during the prosecution of this lawsuit.  The parties conducted extensive discovery, including exchanging written discovery and conducting depositions of the named Plaintiffs  and three HDA managers, and one manager for SLS. There have been many motions and decisions already rendered in this case.

  3.  **Allegations of the Class Representatives and Benefit of Settlement.**  The factual investigation and discovery conducted in this matter, as well as discussions between Class Counsel and Defense Counsel has been adequate to give the Plaintiffs and Class Counsel a sound understanding of the merits of their positions and to evaluate the worth of the Claims of the Settlement Class.  This Settlement was reached after arm's-length bargaining over a period of several years, culminating in an agreement between the parties.  The discovery conducted in this

lawsuit and the information exchanged by the parties through discovery and mediation are sufficient to reliably assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis.

Plaintiffs and Class Counsel believe that the Claims allegations and contentions asserted in the lawsuit have merit.  However, Plaintiffs and Class Counsel recognize and acknowledge the expense and delay of continued lengthy proceedings necessary to prosecute the lawsuit against Defendant HDA through trial and through appeals.  Class Counsel has taken into account the uncertain outcome of the litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of obtaining certification of the lawsuit as well as trying the claims of the settlement class. Further plaintiffs have been apprised of certain financial data regarding HDA that make settlement preferable to the risk of non-collection of a large verdict in the future.  Moreover, in light of the pending motion for indemnification filed by SLS, which SLS has agreed to not pursue pursuant to the terms of its settlement agreement with Plaintiffs. Thus Class Counsel is mindful of the potential problems related to HDA's ability to be able to pay both Plaintiffs and indemnify SLS.

Class Counsel believes that this Settlement confers substantial benefits upon Plaintiffs and the Settlement Class Members and that an independent review of this Settlement by the Court in the approval process will confirm this conclusion.  Based on their own independent investigation and evaluation, Class Counsel has determined that the Settlement set forth in the agreement is in the best interests of the settlement class members.

4.   **Defendant's Denial of Wrongdoing and Liability**.  Defendant HDA has denied and continues to deny each and all of the Claims and contentions alleged by the Class Representatives in the Action.  Defendant HDA has expressly denied and continues to deny all charges of wrongdoing

or liability against it arising out of any of the conduct, statements, acts or omissions alleged in the Action. Defendant contends that it complied in good faith with the laws of Massachusetts. Defendant further denies that, for any purpose other than settling this lawsuit, these Claims are appropriate for class or representative treatment. Nonetheless, Defendant has concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the lawsuit be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendant has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the lawsuit, including a possible order that it indemnify SLS for its losses. Defendant has, therefore, determined that it is desirable and beneficial to it that the lawsuit be settled in the manner and upon the terms and conditions set forth in this Settlement.

     **5.**     **Intent of Settlement**. The Settlement set forth herein intends to achieve the following: (1) entry of an order approving the Settlement; (2) entry of judgment and dismissal with prejudice of the Action; and (3) discharge of Defendant Releasees from liability for any and all of the Released Claims.

     Furthermore, this settlement has been reached in conjunction with the settlement Plaintiffs have reached with co-Defendant SLS and seeks final resolution of all the claims and cross-claims brought against and the respective parties to this action.

## III.    CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

     1.     **The Settlement Class**: For the purposes of this Settlement only, the Parties stipulate to Certification of the Class pursuant to Mass. R. Civ. P. 23.

     **2.**     **Appointment of Class Counsel**: For purposes of this Settlement and subject to the Court's approval, the Parties hereby stipulate to the appointment of Class Counsel as counsel

for the Class and the effectuation of the Settlement.  Class Counsel will administer the settlement, including but not limited to:  (a) sending notice to class members; (b) collecting claim forms and responding to class member inquiries; (c) calculating payments to be made to class members and sending out settlement checks to such claiming class members  and (d) sending follow-up notices to class members as necessary.

## IV.   SETTLEMENT CONSIDERATION

1.   **Settlement Class Fund:**  The Settlement Class Fund shall not exceed the aggregate sum of $575,000.  The Settlement Class Fund shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (a) the Released Claims, (b) the Class Counsel Fees and Expenses; (c) the Incentive Payments; (d) the aggregate of all Individual Settlement Amounts; (e) the *Cy Pres* Amount; and (f) any other obligation of Defendant under this agreement.  The Parties agree that this is a non-reversionary settlement.

2.   **Incentive Payments for Class Representatives:**  Plaintiffs shall be entitled to seek Court approval for incentive payments as follows: $10,000 to Calvin Anderson, Murilo Silva, Ralston Johnson, and Johnie Funches for their efforts in aiding Class Counsel during the litigation.  Defendant agrees that it will not oppose the application for such an award.  If approved by the Court, such amount(s) shall be deducted from the Settlement Fund.  Any incentive payment approved by the Court shall be paid in addition to any distribution to which the recipient may otherwise be entitled from the settlement fund as a class member.  The incentive payment shall not be considered wages, and Plaintiffs' counsel shall issue the recipient a Form 1099 reflecting such payment.

3.   **Payment to Class Claimants**:  Each Class Claimant shall be eligible to receive a share of the Net Settlement Fund, which is the amount of the settlement fund less attorney's fees

and incentive payments.  The formula for calculating each claimant's individual share shall be as follows:

       a.      For Contractors, divide the total deductions incurred for all Contractors who filed claim forms by the amount of deductions for that individual claimant to determine the claimant's share percentage.  Then, multiply the Contractors' Fund by that individual claimant's share percentage of the settlement fund available to such contractors to come up with the share amount for that claimant;

       b.      For Secondary Drivers, divide the total number of weeks worked by all Secondary Drivers who filed claim forms by the amount of weeks for that individual claimant to determine the claimant's share percentage of the settlement fund available to such drivers.  Then, multiply the Secondary Drivers' Fund by that individual claimant's share percentage to come up with the share amount for that claimant.

       Each class claimant, including named Plaintiffs, shall be responsible for the payment of any and all taxes with respect to his or her individual settlement amount.

       **4.**      **Class Counsel Fees and Expenses**:  As part of the motion for approval of the Settlement, Class Counsel may submit an application for an award of Class Counsel Fees and Expenses not to exceed $191,666.  Defendant agrees not to object to any such fee, cost or expense application in this amount.  As a condition of this Settlement, Class Counsel has agreed to pursue fees and expenses only in the manner reflected by this Section.  Any Class Counsel Fees and Expenses awarded by the Court shall be paid from the Settlement Class Fund.  If Class Counsel voluntarily reduces the request for Class Counsel Fees and Expenses or the Court's award of Class Counsel Fees or Expenses is less than set forth above, the remainder shall go back into the settlement fund and be distributed to class claimants.

The Class Counsel Fees and Expenses approved by the Court shall encompass: (a) all work performed and costs and expenses incurred by, or at the direction of, any attorney purporting to represent the Settlement Class through the date of this agreement; (b) all work to be performed and costs to be incurred in connection with approval of the Settlement; and (c) all work to be performed and costs and expenses, if any, incurred in connection with administering the Settlement through the Effective Date.

5.      **Dismissal of Cross-Claim:** HDA agrees that it will seek voluntary dismissal of its cross-claims against SLS, provided that SLS similarly dismisses its cross-claims against HDA.

## V.      SETTLEMENT FUNDING AND DISTRIBUTION

1.      **Allocation of the Settlement Class Fund Amount**: The Settlement Class Members are settling for the Settlement Class Fund amount of $575,000, which will be allocated as follows: (a) Class Counsel Fees and Expenses; (b) Incentive Payments; (c) the aggregate of all Individual Settlement Amounts; and (d) the Cy Pres amount, if any.

2.      **Payment by Defendant**:

a.      Within 14 days after the Effective Date, Defendant will deposit an Initial Payment of $325,000 with Class Counsel. The amount will be used to pay proportional shares of (i) the Class Counsel Fees and Expenses, (ii) Incentive Payments; and (iii) the aggregate amount of all Individual Settlement Amounts submitted by Class Claimants. Class Counsel shall place the Settlement Class Fund in a segregated, interest bearing trust account until payments are made to Class Claimants and Class Representatives. The Parties agree, and Class Counsel shall warrant, that the funds deposited in this account shall constitute a qualifying, designated settlement fund pursuant to Section 468B of the Internal Revenue Code.

b.     Beginning 30 days after the first payment, Defendant will deposit the remaining $250,000 with Class Counsel in 10 equal monthly installments of $22,727 and a final monthly installment of $22,730.  These payments will be referred to as the Installment Payments.  The Secondary Fund will be used to pay (i) the aggregate amount of all remaining Individual Settlement amounts submitted by Class Claimants.

In the event HDA fails to pay according the scheduled described herein, Plaintiffs may se reduce the remaining amount to a judgment by filing a notice of default with the Court hearing this case and Plaintiffs' counsel shall be given first priority for HDA's accounts receivable.

**3.     Time for Payment of Class Counsel Fees and Expenses**:  Class Counsel is entitled to withdraw the Class Counsel Fees and Expenses ($191,666) approved by the Court proportionally from the Initial Payment and at the time of each monthly payment of the Installment Payments thereafter.

**4.     Time for Payment of Incentive Payments to Class Representatives**:  Class Counsel shall distribute to Class Representatives the Incentive Payments ($40,000) approved by the Court no later than 14 days after the Defendant deposits the Initial Payment.

**5.     Time and Calculation of Payments to Individual Class Claimants:**

a.     The remaining Net Settlement Amount of $343,334 shall be allocated as follows: i) $257,500.50 shall be allocated into a find for Contractors ("Contractor Fund); and ii) $85,833.50 shall be allocated into a fund for Secondary Drivers ("Secondary Driver Fund").

b.     Each Contractor shall receive a pro rata share of the Contractor Fund based on the deductions Defendants made from their pay. However no contractor will receive a share greater than 250% of the average  contractor share amount.

c.     Each Secondary Driver will receive a pro rata share of the Secondary Driver Fund

based on the time they worked for Defendants.

      d.      Class Counsel shall mail out an initial distribution to each class claimant no later than 14 days after the Defendant deposits the Initial Payment with Class Counsel.  The settlement shares shall be designated as 1099 miscellaneous expenses.  The initial distribution will be based on each Class Claimants share of the Initial Payment based on their pro rata share of the total deductions (for Contractors) or time worked (for Secondary Drivers) for all claimants.  In the event that some Class Members do not file claim forms prior to the initial distribution, they shall receive their share from the second distribution;

      e.      A second distribution will be made 14 days after HDA has completed the deposits making up the Secondary Payment with Class Counsel.  The total remainder of the remaining settlement fund shall be distributed as part of the second distribution as follows:  Class Claimants who did not timely submit Claim Forms but who have done so after the first distribution shall receive the amount they would have been entitled to in the initial distribution.  The residual funds shall be distributed to all participating Class Claimants Members who have submitted a valid claim form in an amount proportional to the settlement amount each participating Class Member already received, regardless whether the Class Member submitted a timely claim form following the first notice, provided that amount exceeds $50. Any share less than $50 will be used for *cy pres* purposes as described below.

      No Contractor shall receive a disbursement more than 250 percent of the average payment from the Contractor Fund.

      In the event that any Class Claimant is deceased, payment shall be made payable to the estate of that Settlement Class Member and delivered to the executor or administrator of that estate.

6. **Non-Cashed Settlement Checks**:  Each Class Claimant must cash his or her Individual Settlement Amount check within 90 days after it is mailed to him or her.  If a check is returned to Class Counsel, Class Counsel will make all reasonable efforts to re-mail it to the Class Claimant at his or her correct address.  If any Class Claimant's Individual Settlement Amount check is not cashed within 90 days after it is mailed or re-mailed, whichever is later, Class Counsel will send the Class Claimant a letter informing him or her that, unless the check is cashed within 30 days of the date of the letter, it will expire and become non-negotiable and offering to replace the check if it was lost or misplaced, but not cashed.  If the check remains uncashed by the expiration of the 30-day period after this notice, Class Counsel will void the check.  In such event, the Class Claimant will nevertheless remain bound by the Settlement, including the release of the Released Claims.

7. **Cy Pres Amount**:  One hundred and fifty days after the second distribution of the Individual Settlement Amount checks, Class Counsel shall distribute any undistributed funds on a *cy pres* basis to Greater Boston Legal Services.

8. **Non-Revisionary Settlement**:  The entirety of the settlement funds will be utilized to pay class claimants, the named Plaintiffs, fees and costs of Class Counsel, and, for uncashed checks, or to the *cy pres* beneficiary according to the terms of this agreement.  The parties agree that no amount of the settlement will revert back to Defendant once paid pursuant to this agreement.

VI.   **MOTION FOR COURT APPROVAL**

1. **Preliminary Approval:**  Class Counsel will submit the Settlement Agreement to the Court along with a Motion for Preliminary Approval of the Settlement the parties have mutually agreed upon.  Each party shall cooperate to present the Settlement to the Court for

preliminary approval in a timely fashion.

   **2.**  **Final Approval:**  Prior to the final approval hearing, Class Counsel will submit a Motion for Final Approval of the Settlement the Parties have mutually agreed upon, which shall include information informing the court of the results of the claims process, and requesting that the settlement be approved.  At the hearing, the Parties shall request the Court for entry of a final order certifying the class for settlement purposes, appointing Lichten & Liss-Riordan, P.C. as Class Counsel, approving of the class settlement, and for entry of a final judgment of dismissal of the lawsuit consistent with the terms of the settlement.

## VII. **CLAIMS PROCEDURE**

   **1.**  **Notice to Class Members**:  Within 10 days after the Court has granted preliminary approval of the settlement, Defendant shall provide to Class Counsel data showing names and last known addresses of Class Members, their period of service for the defendant, the deductions taken from their compensation for the period or periods they operated three trucks or less, and, for secondary drivers, the contractor under whom they provided delivery services for HDA and SLS, and the number of weeks of such secondary drivers' service, during the class period.  Class Counsel will promptly send notice to class members' in the form attached hereto as Exhibit A to the last-known addresses and will thereafter follow up promptly on undeliverable addresses and attempt to locate class members' updated addresses through people-finder software and skip-trace searches through the United States Postal Service.  Additionally, Class Counsel will call the telephone numbers of class members to attempt to obtain updated addresses, as necessary.

   **2.**  **Claims Procedure**:  Class Members interested in participating in the Settlement shall submit a completed Claim Form to Class Counsel.  The initial deadline for Claim Forms to

be submitted in order to receive payment will be 45 days after mailing.  Class Counsel, however,

may at their discretion accept any Claim Form that has been received five days before the final

payment is made.

3.      **Opt-Out and Objection :**  Any Settlement Class Member may request exclusion

from the Settlement by submitting a written and signed request for exclusion to Class Counsel

which includes the following information:  (1) the individual's name, address and telephone

number; and (2) a statement that the individual wishes to be excluded from the settlement in

Anderson et al. v. Homedeliveryamerica.com et al. and (3) a statement that the individual

understands that he or she will not be eligible to receive any payment from this settlement.

To be effective, a Settlement Class Member's request for exclusion must be sent to Class

Counsel, post-marked no later than forty-five (45) days after mailing of the Notice of Class

Settlement.  This deadline applies notwithstanding any assertion of non-receipt of the respective

notice and claim forms.  Any Settlement Class Member who submits a valid and timely request

for exclusion shall not be a member of the Settlement Class, shall be barred from participating in

this Settlement, shall receive no monetary benefit from this settlement, and shall not be subject to

the Release of Claims provided for in Section 6 below.

Class Members who wish to object to the settlement must file written objections setting

forth their objection and serve copies on counsel for the parties within 45 days of the mailing of

the Notice of Class Settlement.  Class Counsel shall inform the Court of any timely filed

objection.  The parties will not solicit nor otherwise encourage, directly or indirectly, any

objections to this settlement.  Furthermore, Defendant will not discourage, directly or indirectly,

any Class Members from filing claims or submitting a claim form.

**VIII.   RELEASES AND WAIVERS**

1.      **Release of Claims by Settlement Class Members**: As of the Effective Date, Class Members shall be deemed to have, completely, voluntarily, knowingly, unconditionally and forever, released, acquitted and discharged the Releasees from the Released Claims through the Effective Date.

2.      **Release of Claims by Class Representative:** The Class Representatives, on behalf of themselves, and any business entities through which they performed services on behalf of Defendant, and their heirs, executors, administrators, and representatives, shall and do hereby forever release, discharge and agree to hold harmless the Defendant Releasees from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, which they may now have or may have after the signing of this agreement, against Defendant arising out of or in any way connected with his work for Defendant including, the Released Claims, claims that were asserted or could have been asserted in the Action, and any and all transactions, occurrences, or matters between the parties occurring prior to the Effective Date.

3.      **Release of Claims by Defendant;** Upon the Effective Date, the Defendant Releasees hereby release and forever discharge all Class Members from any and all manner of legal or equitable action or cause of action, suits, claims, liabilities, damages, restitution, interest, penalties, attorneys' fees, costs and expenses of any kind or nature whatsoever, known or unknown, which they now have, ever had, or shall later have against each Class Member arising out of or relating to or in connection with any of the matters alleged or that could have been alleged in this Action including, without limitation, claims arising out of or relating to the contracts each Class Representative entered with Defendant.

## IX.   DUTIES OF THE PARTIES

**1.     Mutual Full Cooperation:**  The parties agree to cooperate fully with one another to accomplish and implement the terms of this agreement.  Such cooperation shall include, but not be limited to, execution of such other documents and the taking of such other actions as may reasonably be necessary to fulfill the terms of this Settlement.  The parties shall use their best efforts, including all efforts contemplated by this agreement and any other efforts that may become necessary by court order or otherwise, to effectuate this agreement and the terms set forth herein.  As soon as practicable after execution of this agreement, Class Counsel, with the cooperation of Defendant and Defense Counsel, shall take all necessary and reasonable steps to secure the Court's final approval of this agreement.

**2.     Duty to Support and Defend the Settlement:**  The parties agree to abide by all of the terms of the Settlement in good faith and to support the settlement fully and to use their best efforts to defend this Class Settlement from any legal challenge, whether by appeal or collateral attack.

## X.   MISCELLANEOUS

**1.     Signatory Authorization to Settle:**  The signatories to this Settlement hereby represent that they are fully authorized to enter into this Settlement and bind the Parties to the terms and conditions of this Settlement, and that the Class Representatives' signatures also binds any business entity through which the Class Representatives provided services for Defendant.

**2.     Different Facts:**  The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this agreement may turn out to be other than or different from the facts now known by each party and/or its counsel, or believed by such party or counsel to be true, and each party therefore expressly assumes the risk of the existence of different or presently

17

unknown facts, and agrees that this agreement shall be in all respects effective and binding despite such difference.

3.     **No Prior Assignments:**  The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

4.     **Integration Clause:**  This Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior and contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a Party or such Party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

5.     **Construction:**  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement.

6.     **Modification:**  This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties, and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

7.     **Non-Admission**:  Nothing contained herein, nor the consummation of this Settlement, is to be construed or deemed an admission by any person or party that any person or entity who contracted with, or provided any delivery services for, Defendant is an employee or was improperly classified as an independent contractor, or is to be construed or deemed an

admission of liability, culpability, negligence, or wrongdoing on the part of Defendant or any of the Defendant Releasees.  Each of the parties has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.  This Settlement is a settlement document and shall be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement.

      **8.**    **Governing Law:**  This Settlement is entered into in accordance with the laws of the Commonwealth of Massachusetts and shall be governed by and interpreted in accordance with those laws, excluding any choice of law provisions.

      **9.**    **Captions and Interpretations:**  Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision hereof.  Each term of this Settlement is contractual and not merely a recital.

      **10.**    **Court Jurisdiction Over Settlement**:  The Parties agree that any dispute regarding the interpretation of the terms of this Settlement shall be resolved by the Court.  The Parties further agree that, upon the Final Approval Date, this Settlement shall be binding and enforceable pursuant to applicable law.

      **11.**    **Attorney Fees, Costs and Expenses:**  Except as otherwise specifically provided for herein, each party shall bear his or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other party to this agreement.

      **12.**    **Nullification**:  This agreement shall be nullified in the event the Court fails to approve the settlement, fails to otherwise enter a judgment and dismissal of the lawsuit following

the parties request for settlement approval, or the Court's settlement approval is reversed on appeal.  The parties, must, however, attempt in good faith to cure any perceived defects in the agreement to facilitate approval.  Furthermore, invalidation of any portion of this agreement shall invalidate the agreement in its entirety, unless the parties subsequently agree in writing that the remaining provisions of the agreement are to remain in full force and effect.

Furthermore, the agreement may be nullified if the Court fails to approve the class settlement between Plaintiffs and Defendant HDA.

**13.   Execution in Counterparts:**  This Settlement may be executed in counterparts with signatures transmitted by facsimile or electronic mail.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties.

*{Remainder of page intentionally left blank}*

IN WITNESS WHEREOF, the Parties, have executed this Agreement effective as of _____, 2014.

HOMEDELIVERYAMERICA.COM

_____

Calvin Anderson

By:_____

*Class Representative*

*Defendant*


_____

Murilo Silva

*Class Representative*


_____

Ralston Johnson

*Class Representative*


_____

Johnie Funches

*Class Representative*

## APPROVED AS TO FORM AND CONTENT

Dated: _____        **LOUISON, COSTELLO, CONDON
                                      & PFAFF, LLP**


                              By: _____
                                  Brad Louison
                                  Attorneys for Defendant
                                  Homedeliveryamerica.com



Dated: _____        **LICHTEN & LISS-RIORDAN, P.C.**


                              By: _____
                                  Harold L. Lichten
                                  On Behalf of Settlement Class

22